Matthew M. Levy, J.
These four motions, brought on by the respective defendants, seek to vacate the plaintiff’s notice to examine the defendants before trial. Because of the nature of the action and the similarity of the attacks on the notice of examination, and for the purpose of convenience and clarity, the motions will be consolidated and thus determined.
This is a stockholder’s derivative suit, brought for the benefit of the defendant Swan-Finch. The amended complaint contains two causes of action, the allegations of which are predicated on information and belief. In the first cause of action, the plaintiff attacks the legality of five employment contracts executed between the defendant Swan-Finch and four of its directors and the defendant Birrell, Ltd., a corporation whose majority stock is owned by one of the directors. It is claimed that these contracts were entered into as a result of a conspiracy between the directors for the sole purpose of enriching themselves at the expense of Swan-Finch and obtaining options to purchase stock therein for services which bore no reasonable relationship to the services rendered pursuant to the contracts; and the plaintiff demands rescission of these contracts and restoration to Swan-Finch of the benefits received by the defendants. The second cause of action is based on contracts between Swan-Finch and the defendant Brown Trading Co., Inc., and an employment contract with one Thomas J. E. Brown, which was alleged to have been induced by the corporate directors for the unjust enrichment of one of the directors and another, at the expense of Swan-Finch and under which the corporation suffered heavy losses; and here the plaintiff seeks to rescind the contracts and options, the restoration of the stock issued thereunder, and the recovery of losses occurring under the purchase and sales of futures.
The objections to the examination are both general and specific. In the main, the general objections are based on the claims that the complaint sets out mere vague allegations of wrongdoing, and that the plaintiff is therefore not entitled to an examination in this type of action under subdivision 6 of rule XI of the New York County Supreme Court Trial Term Buies in the absence of a showing of special circumstances; that the items are too detailed; that the corporate defendant is not subject to examination, inasmuch as it is merely a nominal party; and that the examinations are not sought in good faith. *972 These objections are overruled, (a) The complaint does set forth specific charges of wrongdoing which are amply detailed. And the plaintiff’s opposing affidavits contain sufficient facts to establish special circumstances and tend to show that the accusations have some basis in fact, (b) As is usual in a derivative suit, knowledge of most, if not all, of the acts and of the motives therefor is solely within the possession of the defendants, so that the plaintiff must of necessity phrase his items generally and encompass therein many subsidiary matters which he must establish. Accordingly, that the items appear to be numerous or detailed is no basis in this type of case for denying the plaintiff the right to examination, (c) Insofar as the corporate defendant has interposed an answer putting the allegations of the complaint in issue, it thereby becomes an active rather than a nominal party. The plaintiff’s complaint and affidavits, as well as the corporate defendant’s answer, make it apparent that the plaintiff is entitled to examine the corporation to establish the material facts, (d) There is no proof of bad faith, and the pretrial examinations will aid and facilitate the disposition of the action upon a trial of the merits.
I shall next consider the specific objections to the individual items: * * * [With the authorization of the court, this portion of the opinion is omitted.] * * *
The individual defendants and the corporate defendants (by an officer respectively having knowledge of the facts) shall submit to examination on the matters allowed with respect to each of them at Special Term, Part II, of this court on the dates to be designated in the order. Relevant books, etc,, shall be produced and used pursuant to section 296 of the Civil Practice Act.
Settle order.